UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| SHARLENE PARKER | CIVIL ACTION |
| VERSUS | |
| STATE OF LOUISIANA DEPARTMENT OF EDUCATION SPECIAL SCHOOL DISTRICT | NO. 07-369-C-M2 |

## NOTICE

      Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

      In accordance with 28 U.S.C. § 636(b)(1), you have 10 days from the date of service of this Notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. The failure of a party to file written objections to the proposed findings, conclusions, and recommendation contained in a Magistrate Judge's Report and Recommendation within 10 days after being served with a copy of the Report shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge that have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

      Signed in chambers in Baton Rouge, Louisiana, August 23, 2007.

_____
**MAGISTRATE JUDGE CHRISTINE NOLAND**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| SHARLENE PARKER | CIVIL ACTION |
| VERSUS | |
| STATE OF LOUISIANA DEPARTMENT OF EDUCATION SPECIAL SCHOOL DISTRICT | NO. 07-369-C-M2 |

## MAGISTRATE JUDGE'S REPORT

This matter is before the Court on the Motion to Dismiss, or in the Alternative, Motion for More Definite Statement (R. Doc. 8) field by defendant, the Louisiana Department of Education, Special School District ("the DOE"). Plaintiff, Sharlene Parker ("Parker"), has filed both an opposition to this motion (R. Doc. 12) and a Supplemental and Amended Complaint ("supplemental complaint") (R. Doc. 10), which she contends render the DOE's motion moot.

## LAW & ANALYSIS

According to Parker's original complaint in this matter, this case is a "civil action arising under the laws of the United States, particularly 42 U.S.C. 2000e, *et seq.*" Although Parker did not specifically cite Title VII of the Civil Rights Act of 1964 as the legal basis for her claims, it is apparent that she is seeking relief pursuant to that statute since she has alleged employment discrimination and retaliation claims and seeks relief under Title VII's amendment, 42 U.S.C. 2000e, *et seq*. When a federal court reviews the sufficiency of the allegations in a Title VII complaint, before the reception of any evidence either by affidavit or admissions, its task is a limited one, and the issue is not whether the plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support his or her claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

1

Thus, the ordinary rules for assessing the sufficiency of a complaint under the Federal Rules apply. *Swierkiewica v. Sorema N.A.*, 534 U.S. 506, 511, 122 S.Ct. 992 (2002)(The Supreme Court has never indicated that the requirements for establishing a prima facie case under *McDonnell Douglas* also apply to the pleading standard that plaintiffs must satisfy in order to survive a motion to dismiss. A Title VII complaint does not require greater "particularity" than other complaints filed under the notice pleading system).

Under the ordinary rules of notice pleading, specifically, Fed. R. Civ. P. 8(a)(2), a complaint must only include a "short and plain statement of the claim showing that the pleader is entitled to relief," and such a statement must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, at 512, quoting Fed. R. Civ. P. 8(a)(2) and *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims. *Id.*[1] Given the Federal Rules' simplified standard of pleading, "[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Id.*, at 514, quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). If a pleading fails to specify the allegations in a manner that provides sufficient notice, a

---

[1] Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions. Rule 9(b), for example, provides for greater particularity in all averments of fraud or mistake.

Other provisions of the Federal Rules of Civil Procedure are inextricably linked to Rule 8(a)'s simplified notice pleading standard. Rule 8(e)(1) states that "[n]o technical forms of pleading or motions are required," and Rule 8(f) provides that "[a]ll pleadings shall be so construed as to do substantial justice." *Id.*, at 512-514.

defendant can move to dismiss the case or for a more definite statement under Rule 12(e). *Id.*

The Court agrees with the DOE that Parker's original complaint in this matter failed to comply with the notice pleading standards set forth above, in that she failed to allege any specific facts underlying her claim of employment discrimination and retaliation so as to put the DOE on fair notice regarding the claims against it.  However, in her supplemental complaint, she has cured those deficiencies by specifically identifying the supervisors that allegedly discriminated/retaliated against her and by setting forth the underlying facts concerning the instances of discrimination/retaliation and the facts surrounding her termination.[2]  Considering those new allegations, the Court can no longer find that it is clear Parker is unentitled to any relief under the set of facts alleged.  Accordingly, the DOE's motion to dismiss, or alternatively, for more definite statement should be denied as moot.

---

[2] For example, Parker alleges that two of her white supervisors, Roger James and "Ms. Leblanc," discriminated and retaliated against her because Parker and another of her African-American co-employees attempted to question them about preferential treatment that a white employee was receiving (specifically, Parker and her African-American co-employee complained that they were expected to complete work that was assigned to a white employee and that they were required to walk through a line-up of the prisoners, while the white employee was not required to do so).  Parker contends that, as a result of such questions/complaints, she was told she would have to move her special education classroom to another building and share a classroom with regular education inmates.  Parker also alleges an incident where her materials were removed to Ms. LeBlanc's office after Parker was absent from work for attendance of a training class.  Parker contends that, because Ms. LeBlanc was not present in her office, she could not get to the materials to complete a lesson plan that her other supervisor, James, expected to receive by a certain deadline.  She alleges that she requested an extension of the deadline to submit such lesson plans; however, James refused to accept the request because it was not faxed from Ms. LeBlanc's fax machine.  Finally, Parker asserts allegations relating to a "beeper incident" involving Ms. LeBlanc, which ultimately resulted in Parker being placed on leave and eventually terminated.  She specifically contends that she was fired based upon her race and in retaliation for complaints about preferential treatment given to a white employee.

## **RECOMMENDATION**

For the above reasons, it is recommended that the Motion to Dismiss, or in the Alternative, Motion for More Definite Statement (R. Doc. 8) field by defendant, the Louisiana Department of Education, Special School District, be **DENIED AS MOOT**.

Signed in chambers in Baton Rouge, Louisiana, August 23, 2007.

_____
**MAGISTRATE JUDGE CHRISTINE NOLAND**